IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH MINELLA and DIANA MINELLA, <br><br> *Plaintiffs,* <br><br> v. <br><br> BANK OF AMERICA, N.A. and W.A. MARTY LACOUTURE, <br><br> *Defendants*. | § § § § § § § § § § § § <br><br> Civil Action No.  SA-14-CV-174-XR |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiffs' motion to remand. Doc. No. 10. After careful consideration, the motion is GRANTED and the case REMANDED to state court.

## BACKGROUND

This case arises out of Defendants' foreclosure sale of Plaintiffs' real property located at 9526 Mariposa Pass, San Antonio, Texas. On April 10, 2007, Plaintiffs purchased this property with a mortgage financed by Ryland Mortgage Company. Am. Pet. ¶ 4. In 2009, the note and deed of trust were assigned to Defendant Bank of America National Association ("BANA"). Plaintiffs allege that this assignment was void and thus BANA had no standing to foreclose. *Id.*

Additionally, Plaintiffs allege that, when they began to fall behind on their mortgage payments, they sought to modify the terms of their loan under various federal homeowner relief programs. *Id.* ¶ 6. Although the complaint is not entirely clear, it seems that Plaintiffs' first loan modification request was denied. *Id.* Thereafter, in March of 2011, Plaintiffs assert

that BANA informed them that they could seek a second loan modification. *Id.* ¶ 7. While this modification process was ongoing, BANA allegedly provided notice on March 11, 2011, that Plaintiffs' home was scheduled for a foreclosure sale on April 11, 2011. *Id.* The sale was subsequently delayed until June 7, 2011, due to the ongoing modification process. *Id.* Although the Amended Petition appears to concede that BANA sent notice of the foreclosure sale, Plaintiffs insist that there is no proof that a notice of intent to accelerate was ever mailed. *Id.* ¶ 12. On June 7, 2011, Defendant LaCouture, the substitute trustee, conducted the foreclosure sale. *Id.*

On or about January 16, 2014, Plaintiffs filed this lawsuit in the 407th Judicial District Court of Bexar County, Texas, and soon thereafter amended their petition. Plaintiffs' Amended Petition assert causes of action for: (1) breach of contract, and (2) wrongful foreclosure. Plaintiffs seek declaratory and injunctive relief for these claims. *Id.* ¶ 43. Although not made clear by the Amended Petition, Plaintiffs also appear to assert a claim for damages under the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* ¶ 44-46 (referencing DTPA in passing).

On February 26, 2014, Defendants removed the case to this Court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction. Doc. No. 1. It is well settled that diversity jurisdiction only exists when there is complete diversity among the parties. *Stiftung v. Plains Mktg., L.P.*, 603 F. 3d 295, 297 (5th Cir. 2010). Although both Plaintiffs and Defendant LaCouture are citizens of Texas, the removing Defendants contend that the Court may ignore LaCouture's citizenship because he has been improperly joined. Doc. No. 1. On March 6, 2014, Plaintiffs filed the instant motion to remand. Doc. No. 10. Plaintiffs contend that

LaCouture was not improperly joined and that therefore his presence in the lawsuit destroys complete diversity of the parties in this action. *Id.* In addition, Plaintiffs assert that the statutory amount in controversy threshold has not been met. *Id.*

## LEGAL STANDARD

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Removal is proper in any case where the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). The Fifth Circuit has held that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated

3

differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*[1]

The improper joinder analysis closely resembles a Rule 12(b)(6)-type analysis. *Id.* at 573. However, unlike in a traditional Rule 12(b)(6) analysis, the Court retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action against the non-diverse defendant under state law. *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n.10. (5th Cir. 2000)). "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

## DISCUSSION

As an initial matter, this case does not involve allegations of actual fraud in the pleading of jurisdictional facts. As a result, the dispositive inquiry is whether the removing Defendants have established that Plaintiffs have no reasonable basis to recover against the non-diverse Defendant, LaCouture, in state court. Courts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction. *See, e.g., Eisenberg v. Deutsche Bank Trust Co. Americas*, SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011) (finding that a trustee did not defeat diversity jurisdiction where the trustee was named solely to prevent foreclosure, no foreclosure sale had occurred, and the

---

[1] In their motion to remand, Plaintiffs assert that "the Court is not to look at likelihood of success" when conducting the improper joinder analysis. Doc. No. 10, at 5. Thereafter, Plaintiffs argue that improper joinder only applies when there is "no possibility" of recovery against the in-state defendant in state court. *Id.* First, even assuming Plaintiffs' standard is correct, it would be impossible to determine whether they had "no possibility" of recovery against the in-state defendant without looking at the likelihood that their claims would succeed. Second, the "no reasonable basis" test adopted in *Smallwood* is the only test for improper joinder that the Fifth Circuit permits. *See Smallwood*, 385 U.S. at 373. ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.").

plaintiffs did not allege any defects in notice or bad faith by the trustee). However, in circumstances where a plaintiff asserts actual misconduct on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court. *See Sanchez v. Bank of America, N.A.*, SA-13-CV-87-HLH, at 2–3 (W.D. Tex. Mar. 19, 2013) ("[T]he status of a substitute trustee [as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee"). Plaintiffs allege misconduct on behalf of the trustee and so the Court is required to assess the potential viability of those claims in state court.

In this case, Plaintiffs advance two theories of the trustee's individual liability. First, they allege that LaCouture breached his duty by "failing to investigate the proper chain, the fact that there was a loan modification pending and other irregularities." Am. Pet. ¶ 40. Second, Plaintiffs assert that LaCouture is liable because "plaintiffs allege no notice to accelerate was pursuant to § 51.002 was ever mailed to em (sic)." *Id.*

In Texas, a trustee under a deed of trust has a duty to "act with absolute impartiality and fairness" to both the mortgagor and mortgagee. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977); *Myrad Properties, Inc. v. LaSalle Bank Nat. Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009) (affirming that the trustee's duty runs to both the mortgagor and mortgagee). In practical terms, a trustee may be individually liable for failing to comply with the terms of the Deed of Trust or with the Property Code. *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 707–08 (N.D. Tex. 2011) ("This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code."); *Clauer v. Heritage Lakes Homeowners Ass'n*, 726 F. Supp. 2d 668, 673

(E.D. Tex. 2010); *Ochoa v. U.S. Bank & Nat'l Ass'n*, No. EP–10–CV–00487–KC, 2011 WL 2565366, at *2–3 (W.D. Tex. June 27, 2011); *McIntosh v. U.S. Bank Nat. Ass'n*, CIV.A. H-11-3874, 2012 WL 75141 (S.D. Tex. Jan. 10, 2012).

### 1. Recovery Against the Trustee for Failure to Investigate

There is no reasonable probability of recovery against LaCouture for failing to investigate the fact that loan modification negotiations were ongoing when he executed the trustee sale. Texas law is clear that a trustee has no affirmative duties "beyond that required by the statute or the deed of trust to ensure a fair sale." *First State Bank v. Keilman*, 851 S.W.2d 914, 924 (Tex. App.—Austin 1993, writ denied); *Pentad Joint Venture v. First Nat. Bank of La Grange,* 797 S.W.2d 92, 96 (Tex. App.—Austin 1990, writ denied); *Stanley v. CitiFinancial Mortg. Co., Inc.,* 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied). Neither the deed of trust nor the Property Code impose an affirmative duty on the trustee to investigate in the manner Plaintiffs suggest was necessary. Thus, LaCouture did not breach any duty through his alleged failure to investigate because no such duty existed.[2]

### 2. Recovery Against the Trustee for Failure to Mail a Notice of Intent to Accelerate

---

[2] Moreover, Plaintiffs Amended Petition asserts that LaCouture is liable because he breached his duty as a trustee. Am. Pet. ¶ 40. However, breach of the trustee's duty under a deed of trust is not itself an independent tort. *See Marsh*, 760 F. Supp. 2d at 708 (citing *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 491–92 (Tex. App. — Corpus Christi 2002, no pet.)) ("Instead, 'breach of this duty may be stated under Texas law as a claim for wrongful foreclosure.'"); *see also Pou v. Brown & Shapiro*, No. 3:96–cv–3364–D, 1997 WL 102470, at *2 (N.D.Tex. Feb. 27, 1997)). As Defendants note, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Even assuming, for the sake of argument only, that LaCouture had caused a defect in the foreclosure sale by failing to investigate the lender's alleged misconduct, Plaintiffs still would not have a viable cause of action for wrongful foreclosure because they have not shown a causal connection between this alleged defect and any allegedly inadequate selling price.

More complex is Plaintiffs' assertion that they did not receive notice of intent to accelerate, and that this allegation imposes individual liability on the trustee. Am. Pet. ¶ 40. A trustee breaches his or her duty when he or she fails to strictly comply with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code. *Clauer v. Heritage Lakes Homeowners Ass'n,* 726 F. Supp. 2d 668, 673 (E.D. Tex. 2010). Therefore, the relevant question is whether either the deed of trust or the Property Code imposes a duty upon the trustee to send a notice of intent to accelerate.

In this case, the deed of trust requires that notice of intent to accelerate be sent by the lender and not by the trustee. Doc. No. 10, Ex. 2, at 10. The portion of the deed of trust pertaining to acceleration expressly notes that "[l]ender shall give notice to [b]orrower prior to acceleration." *Id.* When the deed of trust seeks to impose a duty upon the trustee, it does so expressly. For example, the deed of trust makes clear that the notice of sale must be sent by either the lender or trustee. *Id.* As a result, it is natural to read the acceleration provision of the deed of trust as imposing the duty to provide notice of intent to accelerate only on the lender. Consequently, LaCouture was under no obligation from the deed of trust to send notices of intent to accelerate to Plaintiffs.

That does not end the inquiry because a foreclosure sale may also be set aside as invalid if the notices required by Chapter 51 of the Texas Property Code are not properly and timely served. *See Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.6 (5th Cir. 1989) (recognizing that under Texas law "a sale without the required twenty-one days' notice is invalid or void."). Duties contained in the Property Code may also apply to the trustee. *Keilman*, 851 S.W.2d at 924. Federal courts applying Texas law have consistently held that

7

the Property Code requires that a debtor be served with two notices prior to foreclosure: a notice of default and a notice of sale. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 855-56 (5th Cir. 2009) (per curiam); *Rodriguez v. U.S. Bank, N.A.*, SA-12-CV-345-XR, 2013 WL 3146844 (W.D. Tex. June 18, 2013).

When presented with no-notice claims against non-diverse trustees, other federal district courts in Texas have declined to find improper joinder and have remanded the cases. *See Sanchez*, SA-13-CV-87-HLH, at 2–3 (allowing a claim for negligence against a trustee where the borrowers alleged that they were not served with notice of the foreclosure sale); *Magers v. Bank of Am., N.A.*, EP-12-CV-00368-DCG, 2013 WL 705545, at *6 (W.D. Tex. Feb. 26, 2013) (allowing a claim for wrongful foreclosure against a trustee where a debtor alleged that she was not served with notice of default); *Johnson v. Ocwen Loan Servicing, LLC*, CIV.A. C-09-47, 2009 WL 2215103, at * 3 (S.D. Tex. July 22, 2009) (allowing a claim for breach of duty against a trustee where the borrower alleged that he had not been served with notice of the foreclosure sale); *King v. Bank of N.Y.*, No. C.A. C–05–408, 2005 WL 2177209, at *5 (S.D. Tex. Sept. 7, 2005) (The "[p]laintiff has alleged improper notice of the foreclosure, which, if true, might subject [the substitute trustee] to liability to the extent she is responsible for the defect."). These cases affirm that a trustee is under a duty to ensure that notices of the foreclosure sale and default are sent in accordance with § 51.002. In this case, however, Plaintiffs are not alleging that they had no notice of the foreclosure sale or of default. Instead, they assert that no notice of intent to accelerate was ever sent. Therefore, the issue here is whether the Property Code imposes upon the trustee a duty to send notice of intent to accelerate.

As a starting point, the plain text of the Property Code does not impose such a duty upon a trustee. TEX. PROP. CODE. § 51.002. At the same time, however, Texas courts have held that a party must be served with notice of intent to accelerate. *See Karam v. Brown*, 407 S.W.3d 464, 470 (Tex. App.—El Paso 2013, no pet.) ("So long as it is preceded by the required notice of intent to accelerate, notice of a trustee's sale constitutes unequivocal action indicating the debt is accelerated."). Neither the Property Code nor the case law is clear on whether such a duty applies to the trustee.[3]

Recently, a federal district court in this state found that the notice of intent to accelerate requirement comes from Texas common law and not from the text of the property code. *Croteau v. CitiMortgage, Inc.*, 4:12CV693, 2014 WL 119968 (E.D. Tex. Jan. 13, 2014) ("Texas common law requires that the creditor also provide the debtor with a notice of intent to accelerate") (citing *Ogden v. Gibraltar Sav. Ass'n,* 640 S.W.2d 232, 232-34 (Tex. 1982)). In *Odgen*, the Texas Supreme Court reversed a take-nothing judgment on a wrongful foreclosure claim on the basis that any attempted acceleration was ineffective because the mortgagee did not give proper notice of its intent to accelerate). The Court held that "[w]here the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, *equity* demands notice be given of the intent to exercise the option." *Odgen,* 640 S.W.2d 232 at 233 (emphasis added). As a result, it appears that the duty to provide notice of intent to accelerate does not come from the Property Code but from common law. Perhaps more importantly, *Odgen* applied the duty to send notice of intent to accelerate only to the lender. *Id.* No trustee was involved. Consequently, it at least appears that the duty to

---

[3] Inasmuch as courts often hold that the trustee's duties come only from the Property Code and/or the deed of trust, the fact that neither of these sources expressly imposes the duty to send notice of intent to accelerate suggests that the duty does not apply to the trustee.

9

send notice of intent to accelerate is a common law requirement that only applies to the lender and not to the trustee.

Against this backdrop, it is speculative to say that Plaintiffs have a right to recover against a trustee for failing to mail notice of intent to accelerate. However, to the extent that the Texas law in this area is unsettled, the Court cannot say that Plaintiffs have no reasonable basis to recover against the in-state Defendant in state court on these grounds. Although this is a close case, under the principle that the removal statute is to be narrowly construed and doubts resolved in favor of remand, the Court finds that Defendants have failed to meet their heavy burden of establishing that Plaintiffs have no reasonable basis to recover against LaCouture in state court.

### 3. The Trustee's Verified Denial

Defendants assert that there is no basis to recover against LaCouture because he has filed a verified denial as is his statutory right under § 51.007(f). Doc. No. 15. However, as other courts have held, the mere filing of a verified denial does not instantaneously entitle the trustee to dismissal. Instead, § 51.007 outlines a process by which the trustee can, under certain circumstances, obtain dismissal. *See Johnson*, CIV.A.C-09-47, 2009 WL 2215103 at *3 (denying trustees improper joinder argument on the basis of its verified denial when trustee had not yet been dismissed from the suit). The Property Code clearly provides that if the plaintiff files a timely verified response (defined as within 30-days of the trustee's verified denial), the court is to hold a hearing on the matter and dismiss the trustee only "if the court determines that the trustee is not a necessary party." TEX. PROP. CODE § 51.007(d). Since no such hearing has occurred, the trustee is still potentially a proper party to this lawsuit.

Accordingly, the Court cannot, on the basis of the trustee's verified denial alone, find that there is no reasonable probability of recovery against him. *See Johnson*, CIV.A.C-09-47, 2009 WL 2215103 at *3; *Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009) (Removing defendants not entitled to a finding of improper joinder before § 51.007 process had been completed).[4]

## CONCLUSION

Defendants have not met their heavy burden of establishing improper joinder in this case. This ruling is not to be construed as an endorsement of the viability of Plaintiffs' claims in state court, but is instead a reflection of the reality that, where state law is unsettled, it is difficult, if not impossible, to establish that there is no reasonable basis for recovery against the in-state defendant. In light of the foregoing analysis, there is no cognizable basis to ignore the lack of complete diversity in this case. Accordingly, the Court lacks subject matter jurisdiction and must GRANT the motion to remand. Doc. No. 10. The Clerk is directed to REMAND the case to state court and to close this case.

SIGNED this 1st day of April, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] Inasmuch as the Court finds that the improper joinder exception to the complete diversity rule does not apply, the Court need not address Plaintiffs alternative argument that the amount in controversy requirement has not been met.